IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20296
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL LAWRENCE WATSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-75-1
- - - - - - - - - -
January 6, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Michael Lawrence Watson appeals his conviction and sentence for being a felon in possession of a firearm. This court need not determine whether possession of a secured transaction treatise constitutes an intrinsic or extrinsic influence upon the jury. See United States v. Sotelo, 97 F.3d 782, 796 (5th Cir. 1996). Regardless of the standard applied, the district court did not abuse its discretion in finding that the possession of the treatise was not prejudicial. The record does not support a finding that the treatise was used to undertake independent

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

research on the issues presented at trial or to resolve any questions that arose during deliberations. The record reflects that the juror who possessed the treatise had pre-existing knowledge of secured transactions law which was not explored during voir-dire, although his familiarity with the law should have been evident at the time of the jury selection. Furthermore, as Watson himself admits, the application of secured transactions law to the facts of his case was not an issue raised by the defense or prosecution. Given these factors, the district court did not abuse its discretion in finding that Watson was not prejudiced by the juror's possession of the treatise and/or that any presumption of prejudice was adequately rebutted. Sotelo, 97 F.3d at 796.

Watson also argues that, given the facts of his case, his sentence violated the Eighth Amendment. We find that, given the gravity of Watson's criminal history, his sentence was not grossly disproportionate to his offense. United States v. Prudhome, 13 F.3d 147, 150 (5th Cir. 1994); see also United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997).

AFFIRMED.